Filed 9/15/16  P. v. Dunn CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B271245 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA067506) |
| v. | |
| DYLAN L. DUNN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Dylan L. Dunn entered into a case settlement agreement with the prosecution. Defendant entered a plea of no contest to custodial possession of a weapon (Pen. Code, § 4502, subd. (a))[1] and admitted one of seven alleged prior convictions falling under the three strikes law (§§ 667, subds. (b)-(j) and 1170.12). In return for defendant's plea and admission, the trial court sentenced defendant to the agreed upon term of six years in state prison. The prosecutor moved to dismiss the six remaining prior conviction allegations under the three strikes law and seven prior prison term allegations (§ 667.5, subd. (b)).

Defendant filed a notice of appeal and obtained a certificate of probable cause (§ 1237.5) from the trial court. This court appointed counsel for defendant on appeal. Appointed counsel filed a brief raising no issues, but requesting this court to independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised of his right to file a supplemental brief within 30 days. Defendant filed a supplemental brief arguing he received inadequate assistant of trial counsel in connection with the case settlement.

We have completed our independent review of the record. The claims in defendant's supplemental brief are without merit and in material aspects misstate the record on appeal. For example, defendant argues that he was convinced by counsel to waive preliminary hearing with the understanding that the prosecution would hold open its pre-preliminary hearing offer of four years in state prison. This is incorrect. The preliminary hearing magistrate stated, "We should put on the record the agreement was the defendant was going to waive preliminary hearing with the understanding the People were going to keep their six-year offer open," a fact confirmed by the prosecutor. The record expressly refutes defendant's claim of a four-year offer. Defendant also argues defense counsel mislead him into believing she would speak with the judge in the trial court about a four year sentence, but she failed to do so. This also misrepresents the

---

[1] Statutory references are to the Penal Code.

appellate record. The trial court explained to defendant before the plea that "[y]our attorney came to me to see if you can do any better on the open plea and I indicated given your criminal history and also the nature of how the weapon was possessed in custody I'm not willing to do anything better than six years. That's why I'm referring to it as the People's offer." Counsel did, in fact, try to convince the court to impose a lesser sentence on an open plea to the court.

Defendant's further arguments that he was distracted by looking for his wife in court and he did not understand he was receiving a six year sentence are also contrary to the record. Nothing in the appellate record indicates defendant was not paying attention to the court's questions during the plea colloquy. He consulted with counsel at different points during the plea. The trial court unambiguously explained to defendant the six-year sentence that would be imposed: "Do you understand the offer from the prosecution for six years total?" Defendant replied, "Yes, Your Honor." Defendant expressly told the court he wanted to accept the prosecutor's offer. Defendant further claims he had inadequate communication with counsel before his plea. The trial court asked, "Have you had an opportunity to speak with your lawyer about your case, including any defenses you might have?" Defendant replied, "Yes, I have."

What the record does reflect is that the trial court carefully explained to defendant the offer of six years, how the sentence would be calculated, and what allegations the prosecution would dismiss, including a specific explanation that the allegations would be dismissed for purposes of this case only. Defendant at all times responded appropriately to the court's inquiries. He was fully advised of his constitutional rights. There is no basis in the record to question the validity of the plea.

Finally, defendant challenges the $1,800 restitution fine imposed by the trial court under section 1202.4. The amount of the fine was not an abuse of discretion. The minimum fine under section 1202.4, subdivision (b)(1), is $300. The court is permitted under section 1202.4, subdivision (b)(2), to calculate the amount of the fine by multiplying the minimum fine by the number of years imposed as a sentence, multiplied

3

by the number of felonies committed.  The restitution fine in this case was calculated in a manner consistent with the statute—$300 multiplied by six years, for a total of $1,800.

The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.

We concur:


TURNER, P.J.


KUMAR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.